106 F.3d 421
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Armando ARROYO-JUSINO, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7013.
 United States Court of Appeals, Federal Circuit.
 March 25, 1996.
 
 8 Vet.App. 497.
 DISMISSED.
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Armando Arroyo-Jusino's appeal. Arroyo-Jusino has not responded.
 
 
 2
 In March 1987, Arroyo-Jusino reopened his claims for entitlement to service connection for a nervous condition and a back disorder. In December 1987, the regional office denied Arroyo-Jusino's application with respect to those conditions, as well as other ailments. Later that month, Arroyo-Jusino filed a notice of disagreement (NOD) with the regional office. In 1989 and 1991, Arroyo-Jusino returned to the regional office. In 1992, the regional office again denied his claims, and Arroyo-Jusino appealed to the Board of Veterans Appeals. In 1994, the Board determined that with respect to the nervous condition claim Arroyo-Jusino had not submitted new and material evidence, and it denied service connection for the back disorder. Arroyo-Jusino appealed to the Court of Veterans Appeals.
 
 
 3
 The veterans court concluded that it lacked jurisdiction over Arroyo-Jusino's claims. The Court of Veterans Appeals determined that in order for it
 
 
 4
 to have jurisdiction over a claim on appeal from an adverse BVA decision, the appellate process must have been initiated on or after November 18, 1988. Hamilton [v. Brown, 39 F.3d 1574, 1576 (Fed.Cir.1994) ]. A BVA decision regarding those two claims was not issued until April 14, 1994. Therefore, the appellate process was initiated for the nervous condition and the back claims on December 10, 1987, before the Court could have had jurisdiction of the claims.
 
 
 5
 The veterans court thus dismissed the case. This appeal followed.
 
 
 6
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 7
 In his informal brief, Arroyo-Jusino requests that this court "review all evidence[ ]. Only half the evidence submitted w[as] considered. Apply justice. Reconsider[ ] all evidence submitted." He does not, however, challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does he raise any constitutional issues. Instead, Arroyo-Jusino challenges the veterans court's factual determinations and application of the law to the facts of the case. Because this court does not have jurisdiction over such an appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 10
 (2) The Secretary's motion to dismiss is granted.
 
 
 11
 (3) Each side shall bear its own costs.